JUDGE KAPLAN

223-07/MEU/MAM
FREEHILL HOGAN & MAHAR LLP
Attorneys for Plaintiff
EUKOR CAR CARRIERS, INC.
80 Pine Street
New York, NY 10005
(212) 425-1900
(212) 425-1901 fax
Michael E. Unger (MU 0045)
Manuel A. Molina (MM 1017)

07 CV 3497

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
EUKOR CAR CARRIERS, INC.,

       Plaintiff,

 - against –

AFRICAN FALCON COMPANY,

       Defendants.
------------------------------------------------------------x

07-Civ_____ (  )

**VERIFIED COMPLAINT**

RECEIVED MAY 02 2007 U.S.D.C. S.D.N.Y. CASHIERS

  Plaintiff, EUKOR CAR CARRIERS, INC. (hereinafter "EUKOR"), by its attorneys Freehill, Hogan & Mahar, LLP, as and for its Verified Complaint against Defendant AFRICAN FALCON COMPANY (hereinafter "AFC"), alleges upon information and belief as follows:

  1. This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure in that it involves a claim for the breach of a maritime contract of charter party. This case also falls under this Court's admiralty and maritime jurisdiction pursuant to 28 U.S.C. §1333. Jurisdiction is also proper pursuant to the Court's federal question jurisdiction pursuant to 28 U.S.C. §1331. Federal jurisdiction also exists because the action arises under the New York Convention on the Recognition and Enforcement of Foreign Arbitral Awards at 9 U.S.C. §201 *et seq.* and/or the Federal Arbitration Act, 9 U.S.C. §1 *et seq.*

2. At all times relevant hereto, Plaintiff EUKOR was and still is a foreign business entity duly organized and existing under the laws of a foreign country with an address at 13th Floor Hansol Building, 736-01 Yeoksam-dong, Kangnam-gu, Seoul 135-983, Korea.

3. At all times relevant hereto, Defendant AFC was and still is a foreign business entity duly organized and existing under the laws of a foreign country with an office and place of business at Almajouri Benghazi 3174, Libya.

4. At all times relevant hereto Plaintiff EUKOR was the disponent owner of the M/V PEARL RAY.

5. On July 1, 2006 the vessel loaded a cargo of motor vehicles at Shanghai, China for shipment to Libya. EUKOR issued a bill of lading reference EUKOSHLB500002 to the shippers of the cargo Cinko Ro-Ro Shipping Co. Ltd. ("Cinko") which identified Defendant AFC as consignee.

6. Cinko in turn issued its own house bill of lading which identified Defendant AFC as consignee of the shipment.

7. The vehicles were subsequently discharged at Misurata, Libya on or about August 10, 2006 into the custody of EUKOR's local agents Universal Shipping Co. ("UNISHIP").

8. Prior to the arrival of the vehicles in Libya, a dispute had arisen between Cinko and Defendant AFC in relation to the terms of the underlying sales contract.

9. As a result, the vehicles remained in the custody of UNISHIP pending final instructions from Cinko in relation to delivery of the vehicles.

10. Cinko eventually named a different company, Alsawawa Trading Co. ("ALSAWAWA") as the substitute consignee in early December 2006.

11. Just before ALSAWAWA was about to acquire possession of the original Cinko bill of lading in order to enable it to take delivery of the vehicles, Defendant AFC presented a forged (scanned) copy of the original Cinko bill of lading naming AFC as consignee to UNISHIP.

12. The presentation by Defendant AFC of the fraudulent Cinko bill of lading was for the purpose of defrauding UNISHIP, Cinko and ALSAWAWA and to wrongfully take possession of the vehicles for which it had not paid and was not legally entitled to receive.

13. This conduct on the part of Defendant AFC constitutes a crime under Libyan law.

14. UNISHIP was not aware at the time that AFC presented the fraudulent bill of lading that it was a forgery, and UNISHIP therefore delivered the vehicles to AFC.

15. Cinko has asserted a claim in the amount of $511,624.59 against EUKOR for failure to deliver the vehicles to the proper consignee.

16. EUKOR has commenced legal proceedings in Libya against Defendant AFC seeking damages incurred as a result of AFC's fraudulent and illegal action in presenting the forged bill of lading to obtain delivery of the vehicles without having legal right or title. Plaintiff EUKOR specifically reserves its right to litigate the merits of its claims against Defendant AFC in Libya.

17. This action is brought to obtain jurisdiction over Defendant AFC and to obtain security in favor of Plaintiff EUKOR in respect to its claims against Defendant AFC and in aid of the Libyan Court proceedings.

18. Upon information and belief, and after investigation, Defendant AFC cannot be "found" within this district for the purpose of Rule B of the Supplemental Rules of Certain Admiralty and Maritime Claims, but Plaintiff is informed that Defendant has, or will shortly have, assets within this District comprising of, *inter alia*, cash, funds, credits, debts, wire

transfers, electronic funds transfers, accounts, letters of credit, freights, sub-freights, charter hire and/or sub-charter hire, of, belonging to, due or for the benefit of the Defendant (hereinafter, "ASSETS"), including but not limited to "ASSETS" at, being transferred through, or being transferred and/or wired to or from banking institutions or such other garnishees who may be served with a copy of the Process of Maritime Attachment and Garnishment issued herein.

19. As best as presently can be computed, the total amount sought to be attached pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims by EUKOR against AFC includes:

(a) The value of the claim asserted by Cinko in the amount of $511,624.59;

(b) Interest in the amount of $80,644.83, calculated on the above sum at the rate of 5% per annum, compounded quarterly, for three years, the estimated time it will take to obtain a final judgment against Defendant AFC, which interest is recoverable under Libyan law;

(c) Legal fees expected to be incurred in Libya in the amount of $15,000.00, which are recoverable pursuant to Libyan law;

(d) Legal and related expenses in respect to addressing the claim of Cinko in the amount of $50,000.00;

**For a total sought to be attached of $657,269.42.**

WHEREFORE, Plaintiff EUKOR CAR CARRIERS, INC. prays:

a. That process in due form of law according to the practice of this Court in admiralty and maritime jurisdiction issue against the Defendant, citing it to appear and answer under oath all and singular the matters alleged, failing which a default will be taken against it in the principal amount of $511,624.59, plus interest, costs and attorneys fees;

b.  That since Defendant cannot be found within this District pursuant to Supplemental Rule B, all tangible or intangible property of the Defendant, up to and including the sum of **$657,269.42,** be restrained and attached, including but not limited to any cash, funds, credits, wire transfers, electronic funds transfers, accounts, letters of credit, debts, freights, sub-freights, charter hire, sub-charter hire, and/or other assets of, belonging to, due or for the benefit of the Defendant (collectively "ASSETS"), including but not limited to such "ASSETS" as may be held, received or transferred in its own name or as may be held, received or transferred for its benefit at, through, or within the possession, custody or control of such banking institutions and/or any such other garnishees who may be served with a copy of the Process of Maritime Attachment and Garnishment issued herein; and

c.  That this Court retain jurisdiction over this matter for purposes of any subsequent enforcement action as may be necessary; and,

d.  For such other, further and different relief as this Court may deem just and proper in the premises.

Dated: New York, New York
       May 2, 2007

                                  FREEHILL HOGAN & MAHAR, LLP
                                  Attorneys for Plaintiff
                                  EUKOR CAR CARRIERS, INC.

                              By: _____
                                  Michael E. Unger (MU 0045)
                                  80 Pine Street
                                  New York, NY 10005
                                  (212) 425-1900 / fax (212) 425-1901

## ATTORNEY VERIFICATION

State of New York  )
                   ) ss.:
County of New York )

MICHAEL E. UNGER, being duly sworn, deposes and says as follows:

1. I am a partner with the law firm of Freehill Hogan & Mahar, LLP, attorneys for Plaintiff in this action, I have read the foregoing Verified Complaint and know the contents thereof, and the same is true to the best of my knowledge, information and belief.

2. The sources of my information and the grounds for my belief are communications, information and documentation provided by our client.

3. The reason this verification is made by an attorney and not by the Plaintiff is because the Plaintiff is a foreign entity, none of whose officers are presently within this Judicial District.

_____
Michael E. Unger

Sworn to before me this
2nd day of May, 2007.

_____
Notary Public
MELISSA COLFORD
Commissioner of Deeds
City of New York-No. 5-1692
Certificate Filed in New York
Commission Expires 4/1/08

NYDOCS1/282359.1                                6